UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RAMZIDDEN TROWELL, a/k/a Ramziddin
Trowell,

                              Plaintiff,

      v.                                                              9:16-CV-0639
                                                                                (MAD/TWD)

UPSTATE CORRECTIONAL FACILITY, et. al.,

                              Defendants.

---

APPEARANCES:

RAMZIDDEN TROWELL
14-A-4530
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN         William A. Scott, ESQ.
New York Attorney General              Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

MAE A. D'AGOSTINO
United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

    Pro se plaintiff Ramzidden Trowell, an inmate presently confined at Upstate Correctional Facility ("Upstate C.F."), commenced this civil rights action asserting claims arising out of his confinement in the custody of the New York State Department of

1

Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Compl."). The incidents that formed the foundation for the complaint occurred in February 2016 and March 2016 at Upstate C.F. *See* Compl., *generally*. By Decision and Order filed on July 6, 2016 (Dkt. No. 4) (the "July Order"), this Court granted plaintiff's IFP application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. On the basis of that review, the Court dismissed the following claims with leave to amend: (1) retaliation claims and Eighth Amendment claims arising from plaintiff's transfers to/from and confinement at Downstate Correctional Facility; (2) excessive force claims related to an incident in February 2016 against defendant Correctional Officer Garland ("Garland"); (3) Eighth Amendment claims of deliberate indifference to serious medical needs at Upstate C.F.; (4) Eighth Amendment claims related to plaintiff's conditions of confinement at Upstate C.F.; (5) claims related to verbal threats or harassment; (6) excessive force claims related to an altercation involving "two unknown officers" upon plaintiff's arrival at Upstate C.F.; and (7) failure-to-protect claims related to alleged sexual abuse by another inmate. *See* Dkt. No. 4, *generally*. The Court ordered defendant Sergeant Santamore ("Santamore") to respond to plaintiff's Eighth Amendment excessive force claims arising from a February 2016 incident.[1] *See id.* at 20. In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *See* Dkt. No. 4 at 20. On September 9, 2016, Santamore filed an answer to the complaint. Dkt. No. 9.

---

[1] The Court also held that plaintiff's Eighth Amendment claims against John Does 1 through 5 survived sua sponte review. *See* Dkt. No. 4 at 10-11. Plaintiff was advised that the United States Marshals Service could not effect service on an unidentified defendant. In the event that plaintiff wished to pursue any claims against any John Doe, he was directed to take reasonable steps to ascertain the identity of that defendant. *See id.* at 20, n.8 .

2

Presently before the Court is plaintiff's motion to supplement the complaint.[2] Dkt. No. 8. Plaintiff also filed a motion for preliminary injunctive relief and a request for the appointment of counsel. Dkt. Nos. 11, 12. Defendant takes no position on the motion for counsel or motion to supplement the complaint but opposes plaintiff's request for preliminary injunctive relief. Dkt. No. 13, 16.

## II. MOTION TO SUPPLEMENT COMPLAINT

### A. Legal Standard

The filing of amended and supplemental pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15. Rule 15(a) states that leave to amend shall be freely given "when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993). The Supreme Court has stated:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should . . . be "freely given."

*Foman*, 371 U.S. at 182. An amendment or supplementation of a pleading is considered a "futile" act when the proposed claim would not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). The decision to grant or deny a motion to amend or supplement is committed to the sound discretion of the trial court, and the court's

---

[2] Upon review of the submission, the Court considered plaintiff's motion as seeking leave to supplement the original complaint with allegations regarding incidents that occurred in August 2016.

3

decision is not subject to review on appeal except for abuse of discretion. *See Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007).

In the case of proposed amendments where new defendants are to be added, the Court must also look to Rules 20 and 21. *Ward v. LeClaire*, No. 07-CV-0026 (LEK/RFT), 2008 WL 182206, at *3 (N.D.N.Y. Sept. 26, 2007) (citing *United States v. Chilstead Bldg. Co.*, No. 96-CV-0641 (N.D.N.Y. Nov. 7, 1997) (McAvoy, C.J.)). Rule 21 states that a party may be added to an action "at any time [and] on just terms." Fed. R. Civ. P. 21. Rule 21 is "intended to permit the bringing in of a person, who through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable." *Goston v. Potter*, No. 9:08-CV-0478 (FJS/ATB), 2010 WL 4774238, at *5 (N.D.N.Y. Sept. 21, 2010) (quoting *United States v. Commercial Bank of N. Am.*, 31 F.R.D. 133, 135 (S.D.N.Y. 1962) (internal quotations marks omitted)).[3] Rule 20(a)(2) is liberally construed "so as to promote judicial economy and to allow related claims to be tried within a single proceeding." *Equal Emp't Opportunity Comm'n v. Nichols Gas & Oil, Inc.*, 518 F. Supp. 2d 505, 508-09 (W.D.N.Y. 2007) (citing, inter alia, *Barr Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir. 1970)).

A motion to amend may properly be denied where the requested relief would be futile. *Foman, supra*, 371 U.S. at 182. An amendment or supplementation of a pleading is considered a "futile" act when the proposed claim would not withstand a motion to dismiss

---

[3] "Rule 21 cannot be read alone but must be read in the light of Rules 18, 19 and 20[.]" *Commercial Bank of N. Am,*, 31 F.R.D. at 135. In this respect, the federal rules state, in part, that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

4

under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 88 (2d Cir. 2002). Thus, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted).

## B. Plaintiff's Motion

In support of his motion, plaintiff submitted a proposed pleading which names new defendants and sets forth new claims arising from incidents that occurred at Upstate C.F.[4] Dkt. No. 8 at 1-2 ("Supp. Compl."). As alleged in this pleading, plaintiff was harassed, physically and sexually assaulted, and injured by officers in August 2016. *See id.* at 2-3. Defendant takes no position on plaintiff's motion but notes that plaintiff's supplement does not appear to have any relation to the facts alleged in his underlying complaint. *See* Dkt. No. 16 at 1.

## C. Discussion

The Court has thoroughly reviewed the proposed pleading and finds that the claims asserted are sufficiently related to the original claims, defendants, and complaint. *See Keith v. Volpe*, 858 F.2d 267, 474 (9th Cir. 1988) (holding that "[w]hile some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction."). Defendant has not opposed plaintiff's request to supplement and it does not appear to this Court that plaintiff has delayed unduly in bringing his motion. The requested supplements do not significantly change the theory of the case,

---

[4] The proposed supplement includes new claims against Garland, an original defendant. Pursuant to the July Order, Garland was dismissed as a defendant. *See* Dkt. No. 4 at 20.

and the Court is not persuaded that resolution of this matter will be significantly delayed by the filing of the supplemental pleading. With that in mind, the Court will review plaintiff's proposed supplemental complaint thoroughly, with due regard for his status as a pro se litigant.[5]

### III.    ANALYSIS OF SUPPLEMENTAL COMPLAINT

The supplemental complaint includes new factual allegations and claims against new defendants: Sergeant W. Vesneske ("Vesneske"), Manson, and C.O. Succee (Succee"). *See* Supp. Compl., *generally*. Moreover, while not identified as a defendant in the caption or in the list of parties, the amended complaint contains factual allegations and claims against Officer B. Fleury ("Fleury"). *See id.*

On August 5, 2016, plaintiff was called to his cell door in the Special Housing Unit ("SHU") to receive his HIV medication. Supp. Compl. at 2. When the nurse attempted to give plaintiff his medication, Garland intervened and began to harass plaintiff. *Id*. Garland refused to give plaintiff his medication. *Id.* Plaintiff spoke with mental health staff and a sergeant was summoned. *Id*. at 3. When Vesneske arrived, plaintiff refused to discuss the issue with him. Supp. Compl. at 3. Vesneske and Succee ordered plaintiff's bunk mate to physically assault plaintiff but the inmate did not comply with the directive. *Id*.

Plaintiff refused an order by officers to "cuff up" for an escort to the mental health unit.[6] Supp. Compl. at 3. Plaintiff was "gassed" and physically beaten inside his cell.[7] *Id*. Plaintiff

---

[5] The legal standard governing the dismissal of a pleading for failure to state a claim was discussed at length in the July Order and it will not be restated in this Decision and Order. *See* Dkt. No. 4 at 2-4.

[6] The supplement does not contain facts regarding which officers directed plaintiff to "cuff up."

[7] Plaintiff does not identify the individuals involved in this incident.

6

was handcuffed, shackled, stripped to his underwear, and dragged to the infirmary, where the assault continued. Supp. Compl. at 3. When plaintiff was about to "pass out from the pain," Fleury put a gloved finger in his anus and called plaintiff "a bitch." *Id.*

The proposed supplemental complaint asserts the following: (1) claims that Garland, Vesneske, and Succee threatened and harassed plaintiff in violation of his Eighth Amendment rights; (2) Eighth Amendment excessive force claims against unidentified defendants; (3) Eighth Amendment sexual assault claim against Fleury; and (4) Eighth Amendment claim against the "Medical Department" for deliberate indifference to plaintiff's serious medical needs. *See* Supp. Compl, *generally*.

## IV. ANALYSIS

### A. Eighth Amendment Claims

The caselaw surrounding Eighth Amendment claims of excessive force, deliberate indifference to medical needs, and threats was discussed at length in the July Order and will not be restated in this Decision and Order. *See* Dkt. No. 4 at 9-17.

#### 1. Harassment

Construing the proposed supplemental complaint liberally, plaintiff claims that he was harassed by Garland, Vesneske, and Succee. The allegations in the proposed pleading suffer from the same infirmities as the original harassment allegations. Accordingly, for the reasons set forth in the July Order, plaintiff's Eighth Amendment harassment claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b) and 28 U.S.C. § 1915A(b).

#### 2. Excessive Force

The law, as it pertains to personal involvement in 1983 actions, was discussed in the

July Order. *See* Dkt. No. 4 at 8. In the supplemental complaint, plaintiff summarily states that he was, "gassed and physically beaten while inside the cell." *See* Supp. Compl. at 3. However, plaintiff did not identify any individual(s) or officer(s) personally involved in the alleged assault. For the reasons set forth in the July Order, plaintiff's claims related to the alleged assault in his cell and at the infirmary are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 3. Sexual Assault

"Because sexual abuse of a prisoner by a corrections officer may constitute serious harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims." *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997). "A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." *Crawford v. Cuomo*, 796 F.3d 252, 256-57 (2d Cir. 2015). "[A] single incident of sexual abuse, if sufficiently severe or serious, may violate an inmate's Eighth Amendment rights no less than repetitive abusive conduct." *Id.*

Here, plaintiff claims that Fleury "put a gloved finger in [his] anus and called [him] a bitch." *See* Supp. Compl. at 3. At this juncture, plaintiff has sufficiently plead an Eighth Amendment claim against Fleury based upon this incident. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed motion to dismiss or for summary judgment.

8

### 4. Deliberate Indifference to Medical Needs

In the supplemental complaint, plaintiff claims that he sustained injuries to his back and arm as a result of the August 2016 assault. *See* Supp. Compl. at 5. Even assuming plaintiff sufficiently plead that he suffered from a serious medical need, plaintiff must allege facts to establish the subjective element of the Eighth Amendment analysis.

In the July Order, the Court dismissed plaintiff's Eighth Amendment claims holding:

> Plaintiff does not name or otherwise identify any individual as personally involved in his deprivation of medical treatment. As presently plead, plaintiff's allegations do not plausibly "allow[] the court to draw the reasonable inference that [any] defendant is liable for the misconduct alleged."

Dkt. No. 4 at 13-14 (internal citations omitted).

Plaintiff's supplemental complaint suffers from similar deficiencies. Plaintiff claims that he suffered a "lack of medical attention" from the "medical department," *see* Supp. Compl. at 5, however the complaint does not contain any facts related to who plaintiff complained to, the substance of his complaints, or the response, if any, to his complaints. *See Kee v. Hasty*, No. 01 Civ. 2123, 2004 WL 807071, at *29 (S.D.N.Y. April 14, 2004) (holding that the plaintiff's Eighth Amendment claims were overly conclusory because the inmate failed to specify the dates on which he was denied proper treatment, the nature of his needs on those dates, and the nature of the treatment that was purportedly denied by the defendants).

To the extent that plaintiff attempts to assert a cause of action against the "medical department," that claim is subject to dismissal because only "persons" may act under the color of state law. Here, the use of the term, "medical department" as an alleged defendant, without naming specific individuals, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Martin v. UConn Health Care*, 99-CV-2158, 2000 WL

9

303262, at *1-2 (D.Conn. Feb. 9, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (holding that Otisville Correctional Facility medical staff not a person under § 1983).

For these reasons and the reasons set forth in the July Order, plaintiff's Eighth Amendment medical indifference claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim.

## B. Claims Against Manson

Plaintiff names Manson as a defendant in the caption, however, the complaint lacks any facts related to Manson. Indeed, Manson is not referenced anywhere in the body of the complaint. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir.1974); *see also Cipriani v. Buffardi*, No. 06–CV–0889 (GTS/DRH), 2007 WL 607341, *1 (N.D.N.Y. Feb.20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff") (citation omitted); *see also Casino v. Rohl*, No. 14-CV-2175, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014) (holding that since the defendant is nowhere mentioned or referenced in the body of the amended complaint, the plaintiff did not adequately plead personal involvement in any of the constitutional deprivations). In the absence of factual allegations sufficient to plausibly suggest that Manson was personally involved in conduct that violated plaintiff's constitutional rights, the complaint fails to state a cognizable claim against Manson.

## C. Remaining Requests for Relief Dismissed

10

In the section of the complaint entitled "Relief," plaintiff indicates that he would like to "sue" for retaliation. *See* Supp. Compl. at 5. However, the supplemental complaint, as presently written contains no facts suggesting that plaintiff was the victim of any retaliatory action.

Plaintiff also seeks to "press charges" against all defendants. There exists no constitutionally protected right to file criminal charges against another." *Mercer v. Benson*, No. 08-CV-0537 (DNH/DRH), 2009 WL 3111684, at *3 , n. 7 (N.D.N.Y. Sept. 23, 2009) (citing *Langworthy v. Dean*, 37 F.Supp.2d 417, 422 (D. Md. Feb. 8, 999) ("[A] right to compel the prosecution of criminal activity does not exist.")); *see also Porter v. Goord,* No. 04-CV-0485, 2004 WL 2271383, at *3 (W.D.N.Y. Oct. 5, 2004) ("a private citizen is not constitutionally entitled to a criminal investigation or the pursuit of a criminal prosecution") (citing *Linda R.S. v. Richard D.*, 410 U.S. 614 (1973)).

Based upon the foregoing, the Court finds that the Eighth Amendment claim against defendant Fleury set forth in the supplemental complaint is cognizable in this Section 1983 action and therefore grants this aspect of plaintiff's motion to supplement. Plaintiff's motion is denied in all other respects as futile.

## V. Motion for Appointment of Counsel

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position *see*ms likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to

11

> investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)) (internal quotation marks omitted). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F.Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge*, 802 F.2d at 621).

At this preliminary stage, the Court is unable to determine whether plaintiff meets the threshold requirement that at least some aspects of his claim are "likely to be of substance." *Hodge*, 802 F.2d at 61. Plaintiff has not submitted any evidence supporting his claims and plaintiff's request for counsel is not accompanied by documentation that substantiates his efforts to obtain counsel from the public and private sector. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994); *Cooper v. Sargenti Co., Inc.*, 877 F.2d 170, 172, 174 (2d Cir. 1989). Even if the Court were to assume, for purposes of this motion, that plaintiff's position seems likely to be of substance, the relevant factors weigh decidedly against granting plaintiff's motion at this time. For example: (1) the case does not present novel or complex issues; and (2) it appears to the Court as though, to date, plaintiff has been able to effectively litigate this action. The Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation. *See Terminate Control Corp.*, 28 F.3d at 1341; *Hodge*, 802 F.2d at 61. Thus, plaintiff's motion for the appointment of counsel is denied without prejudice.

For these reasons, plaintiff's motion for the appointment of counsel is denied without prejudice. After defendants have responded to the allegations in the amended complaint, and the parties have undertaken discovery, plaintiff may file a second motion for appointment of counsel, at which time the Court may be better able to determine whether such appointment is warranted in this case. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit pro se. *See* 28 U.S.C. § 1654; *see also Phillips v. Goord*, No. 08-CV-0957, 2009 WL 909593, at *1, n.3 (W.D.N.Y. April 1, 2009).

## VI.     Motion for a Preliminary Injunction

Plaintiff moves for preliminary injunctive relief to prevent harassment by various officers. See Dkt. Nos. 11, 12. Plaintiff also seeks an order placing him in protective custody. *See id.*

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010). A plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Id.* at 35; *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Id.*; *see also Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996). Thus, a

13

mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted). The district court has wide discretion in determining whether to grant a preliminary injunction. *Moore*, 409 F.3d at 511.

"To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *Levesque v. Clinton County,* No. 10-CV-787 (DNH/DEP), 2012 WL 6948779, at *11 (N.D.N.Y. Dec. 28, 2012) (citing *inter alia Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)) (a preliminary injunction may not be issued to prevent an injury or harm which was not caused by the wrong claimed in the underlying action); *see also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application for such relief were unrelated to claims asserted in the complaint and, thus, plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" the plaintiff).

Here, as plaintiff seeks a mandatory injunction, he must meet the higher standard and establish a clear or substantial likelihood of success or show that extreme or very serious damage would result in the absence of the requested relief. *See Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995); *see also Nicholson v. Fischer*, No. 13-CV-6072, 2014 WL 666913, at *2 (W.D.N.Y. Nov. 10, 2014) (reasoning that plaintiff must meet the higher standard as his request to move to protective custody seeks to alter the

status quo). To the extent that plaintiff seeks injunctive relief against individuals who are not defendants herein, that request is denied. Injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Construing plaintiff's motions in the light most favorable to him as a pro se plaintiff, the Court finds that plaintiff has failed to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals").

Plaintiff's fear that he may be assaulted in the future is purely speculative and, therefore, patently insufficient to show that he is likely to suffer imminent irreparable harm if the requested relief is not granted. *See e.g., Slacks v. Gray*, No. 9:07-CV-0501(NAM/GJD), 2008 WL 2522075, at *1 (N.D.N.Y. June 25, 2008) (finding that allegations of future injury, without more, do not establish a real threat of injury) (citations omitted); *see also Agostini v. Backus*, No. 15-CV-6188, 2015 WL 1579324, at *3 (W.D.N.Y. Apr. 9, 2015) (reasoning that the plaintiff's concern about threats and future retaliation, even if sincere, is speculative insufficient to establish irreparable harm). In his motion, plaintiff sets forth factual allegations

related to the August 5, 2016 incidents, the same incidents that formed the foundation for the supplemental complaint. *See* Dkt. No. 12 at 1. Plaintiff cannot base his request for relief upon past conduct and the anticipation of future assaults. *See Garcia v. Arevalo*, No. 93 CIV. 8147, 1994 WL 383238, at *2 (S.D.N.Y. June 27, 1994) ("Such a bare allegation of future injury does not demonstrate a real threat of actual injury. It is well settled that an allegation of the mere possibility of irreparable harm is insufficient to justify the drastic remedy of preliminary injunction.") (citing *Borey v. National Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 934 F.2d 30 (2d Cir.1991)).

To the extent that plaintiff claims he is being denied medical attention, plaintiff states only that he has complained to "the medical department" and "mental health" but the "people" at "this facility are not trying to cooperate." *See* Dkt. No. 12 at 1-2. As discussed *supra*, in the proposed supplemental complaint, plaintiff failed to sufficiently allege facts to establish a cause of action for a violation of his Eighth Amendment rights related to his medical treatment. More importantly, the named defendants have no connection to plaintiff's medical treatment. Thus, plaintiff cannot establish a likelihood of success on the merits of his underlying claim and plaintiff's request for relief is denied. *See Mitchell v. New York State Dep't of Corr. Srvs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context).

Further, it is noted that the relief requested by plaintiff amounts to little more than an "obey the law" injunction. "Obey the law" injunctions are vague, do not require the defendants to do anything more than that already imposed by law, subject the defendants to contempt rather than statutorily prescribed sanctions, and are not readily capable of

enforcement. As such, these injunctions are not favored. *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 435-36 (1941); *see also Rowe v. New York State Division of Budget*, No. 1:11-CV-1150 (LEK/DRH), 2012 WL 4092856, at *7 (N.D.N.Y. Sept. 17, 2012); *New York v. Shinnecock Indian Nation*, 560 F. Supp. 2d 186, 189 (E.D.N.Y. 2008). According to the Second Circuit, "[u]nder Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law." *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240 (2d Cir. 2001) (quoting *Peregrine Myanmar Ltd. v. Segal,* 89 F.3d 41, 51 (2d Cir. 1996)).

Accordingly, plaintiff's motion for preliminary injunctive relief (Dkt. Nos. 11 and 12) is denied.[8]

## VII. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion to supplement the complaint is **GRANTED in part and DENIED in part**; and it is further

**ORDERED** that the Clerk of the Court is directed to create a new docket entry incorporating the original complaint (Dkt. No. 1) with the supplemental complaint (Dkt. No. 8) and entitle the entry, "Amended Complaint;" and it is further

**ORDERED** that the amended complaint shall be the operative pleading in this action; and it is further

**ORDERED** that the Clerk of the Court is also directed to amend the docket to include

---

[8] Plaintiff is advised that concerns regarding his current conditions of confinement at Upstate C.F. should be addressed through administrative channels at Upstate C.F. and the New York State Department of Corrections and Community Supervision and, if necessary, by means of a properly filed action in the appropriate District Court.

Fleury as a defendant; and it is further

**ORDERED** that the following claims are **DISMISSED** for failure to state a cause of action: (1) Eighth Amendment claims related to threats; (2) Eighth Amendment excessive force claims; (3) Eighth Amendment deliberate indifference claims related to plaintiff's medical needs; and (4) retaliation claims; and it is further

**ORDERED**, that a response to the amended complaint be filed by defendant Santamore, or his counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that the Clerk shall issue a summons and forward it, along with copies of the amended complaint, to the United States Marshal for service upon Fleury. The Clerk shall forward a copy of the summons and amended complaint to the Office of the New York Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED**, that a response to the amended complaint be filed by Fleury, or his counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for

18

any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

**ORDERED** that plaintiff's motion for the appointment of counsel (Dkt. Nos. 11 and 12) is **DENIED with leave to renew**; and it is further

**ORDERED** that plaintiff's motion for injunctive relief (Dkt. Nos. 11 and 12) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 7, 2016
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge