**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RAMZIDDEN TROWELL, also known as**
**RAMZIDDIN TROWELL,**

                                        **Plaintiff,**

        **vs.**                                                        **9:16-cv-00639**
                                                                    **(MAD/TWD)**

**SANTAMORE, W.,** *Sergeant, Upstate Correctional*
***Facility***; **GARLAND, B.,** *Correctional Officer,*
*Upstate Correctional Facility*; **VESESKE, W.,** *Sergeant,*
*Upstate Correctional Facility*; **FLEURY, W.,** *Officer,*
*Upstate Correctional Facility*; **and JOHN DOES 1-5,**
*Officers, Upstate Correctional Facility,*

                                        **Defendants.**
_____

**APPEARANCES:**                                        **OF COUNSEL:**

**RAMIZIDDEN TROWELL**
2970 West 24th Street
Apartment 15-E
Brooklyn, New York 11224
Plaintiff, *pro se*

**OFFICE OF THE NEW YORK**                        **WILLIAM A. SCOTT, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

                                        **ORDER**

        *Pro se* Plaintiff Ramiziddin Trowell ("Plaintiff"), formerly an inmate in the custody of the

New York State Department of Corrections and Community Supervision, commenced this civil

rights action pursuant to 42 U.S.C. § 1983 on June 6, 2016, asserting claims arising out of his

confinement at Upstate Correctional Facility ("Upstate C.F.").  *See* Dkt. No. 1.  After initial

review, Plaintiff filed a supplemental complaint. *See* Dkt. No. 18. Thereafter, on October 5, 2016, Plaintiff filed a second action against the Defendants named in this action. *See Trowell v. Garland*, No. 9:16-cv-1203 (N.D.N.Y) ("*Trowell II*"). Since the claims in these two actions substantially overlapped, the two cases were consolidated, and this case was designated the lead case, with *Trowell II* the member case. *See* Dkt. No. 32.

Following consolidation, Defendants were directed to supplement their then pending motion for summary judgment and Plaintiff was permitted to supplement his brief in response. *See* Dkt. Nos. 35 & 36. On November 30, 2017, Defendants filed their supplemental papers, but Plaintiff failed to file a response. *See* Dkt. No. 37.

On February 9, 2018, Magistrate Judge Dancks recommended that the Court grant Defendants' motion for summary judgment in this consolidated action and *sua sponte* dismiss the claims against the unidentified John Does 1-5. *See* Dkt. No. 38. Plaintiff, who was released from custody while this action was pending, has not filed objections to the Order and Report-Recommendation.

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2502, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). This does not mean, however, that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed the Order and Report-Recommendation, the parties' submissions and the applicable law, the Court finds that Magistrate Judge Dancks correctly recommended that the

4

Court should grant Defendants' motion for summary judgment and *sua sponte* dismiss the John

Doe Defendants. As to both the February 29, 2016 and August 5, 2016, the undisputed facts

demonstrate that Plaintiff failed to fully and properly exhaust his administrative remedies.

Moreover, as to Plaintiff's claim that he was sexual abused on August 5, 2016 during a strip

search, Magistrate Judge Dancks properly determined that the claim should be dismissed on the

merits. *See* Dkt. No. 38 at 24-28. The undisputed evidence, including a video recording to the

entire incident, establishes that Defendant Fleury was engaged in legitimate official duties at the

time of the search and there is nothing in the record suggesting that Defendant Fleury engaged in

the alleged conduct to arouse or gratify himself or to humiliate Plaintiff, which are essential

elements of this Eighth Amendment claim. *See Crawford v. Cuomo*, 796 F.3d 252, 257 (2d Cir.

2015). Rather, the evidence reveals that Defendant Fleury and other corrections personnel were

in the process of attempting to perform a strip search on Plaintiff when he was placed on the bed

in the infirmary, that Plaintiff failed to comply with the strip search, force was authorized, and, as

part of the strip search, Defendant Fleury "spread Trowell's buttocks to visually inspect the area."

Dkt. No. 27-8 at ¶ 12; Dkt. No. 27-12 at 9; Dkt. No. 30-1 at 20-21. Additionally, the video of the

strip search supports the fact that Plaintiff was resisting being strip searched at the time that

Defendant Fleury allegedly placed his finger in Plaintiff's rectum and that force was necessarily

used to complete the search. *See* Dkt. No. 27-4.

   After carefully reviewing the entire record in this matter, the parties' submissions and the

applicable law, and for the above-stated reasons, the Court hereby

   **ORDERS** that Magistrate Judge Dancks' Order and Report-Recommendation is

**ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that the consolidated Defendants' motion for summary judgment (Dkt. No. 27) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in this consolidated action in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 20, 2018
      Albany, New York

Mae A. D'Agostino
U.S. District Judge